UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** * | CRIMINAL NO. 6:13-00073 | |
| | CIVIL NO. 6:16-1374 | |
| **VERSUS** * | JUDGE FOOTE | |
| **ROBERT WILLIAMSON** * | MAGISTRATE JUDGE HANNA | |

### ORDER

Before the Court is a Motion which purports to be a Motion to Vacate filed pursuant to 28 U.S.C. §2255 by Robert Williamson in proper person. [rec. doc. 212]. In his purported § 2255 Motion, Williamson does not identify any claim or issue that he intends to raise. To the contrary, the standardized form filed by Williamson is blank and contains no claims or issues that Williamson believes may entitle him to relief. [rec. doc. 212]. In his cover letter, petitioner explains that he did not complete the form because he does not understand the form. [rec. doc. 212-1].

Under the circumstances, the Court could not act on petitioner's pleading. Therefore, the Court issued an order granting petitioner leave to file an amended § 2255 Motion setting forth all claims for relief which he believes entitle him to relief. Petitioner was expressly advised that nothing in the Order would be construed as granting petitioner an extension of time of the one-year limitation period set forth in 28 U.S.C. § 2255(f). Accordingly, petitioner was advised to file

his amended pleading as expeditiously as possible and in no event after the expiration of the one-year limitation period. [rec. doc. 217].

Petitioner did not file an amended § 2255 Motion. Instead, petitioner filed a Notice of Appeal.[1] [rec. doc. 216]. Petitioner's appeal is pending in the United States Fifth Circuit Court of Appeal.[2]

In absence of extraordinary circumstances, orderly administration of criminal justice precludes a district court from considering a motion to vacate while review on direct appeal is still pending. *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972); *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988). *See also United States v. Robinson*, 8 F.3d 398, 405–06 (7th Cir. 1993) (noting that the general rule is that absent extraordinary circumstances a district court should not consider a § 2255 motion, including a § 2255 motion asserting ineffective assistance of counsel, while a direct appeal is pending).

Under the circumstances of this case;

**IT IS ORDERED** that the purported Motion to Vacate filed by Robert Williamson pursuant to 28 U.S.C. §2255 Motion [rec. doc. 212] be **stricken** from the record and considered as never having been filed.

---

[1] It appears that petitioner did not receive the Court's Order prior to filing his Notice of Appeal as both the Order and Notice of Appeal were docketed by the Clerk of this Court the same day, October 3, 2016.

[2] The Court expresses no opinion on the timeliness of the appeal.

Signed at Lafayette, Louisiana this 3rd day of January, 2017.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**